UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE WHITFIELD,

    Petitioner,

    v.      CAUSE NO.: 3:18-CV-943-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Lawrence Whitfield, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary proceeding (WCC 18-6-415) at the Westville Correctional Facility in which a disciplinary hearing officer found Mr. Whitfield guilty of unauthorized possession of property in violation of Indiana Department of Correction Offense 215. He was sanctioned with the loss of sixty days earned credit time and a demotion in credit class.

Mr. Whitfield argues that he is entitled to habeas relief because of a discrepancy in the administrative record between the conduct report and the video recording summary.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes the conduct report in which a correctional officer says Mr. Whitfield was seen on a surveillance recording removing and returning a phone to the officer's station. It also includes a video summary report in which a different correctional officer summarized the same recording but didn't identify the object in Mr. Whitfield's possession. The conduct report, by itself, constitutes some evidence that Mr. Whitfield possessed a phone in violation of disciplinary policy. Though Mr. Whitfield suggests that the discrepancy between the conduct report and video summary report detracts from the credibility of the conduct report, the court does not engage in "independent assessment of the credibility of witnesses" when reviewing prison disciplinary decisions. Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). The argument regarding a discrepancy in the administrative record is not a basis for habeas relief.

Mr. Whitfield also argues that he is entitled to habeas relief because he could have been found guilty of a lesser offense. The right to be found guilty of a lesser offense isn't among the requirements for procedural due process for prison disciplinary proceedings enumerated in Wolff v. McDonnell, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. White v. Indiana Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (citing Baxter v. Palmigiano, 425 U.S. 308, 324 (1976)). Additionally, habeas petitioners are generally required to pursue all available administrative remedies for each claim to obtain relief in federal court. Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002). Even if Mr. Whitfield's argument about a

lesser charge had merit, the court couldn't grant habeas relief because there is no indication that he raised the argument in an administrative appeal. The argument regarding a lesser offense is not a basis for habeas relief.

Because Mr. Whitfield hasn't asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Whitfield wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES the petitioner leave to proceed in forma pauperis on appeal.

SO ORDERED on August 20, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT